UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCESCA GARDINIERE,<br><br>        Plaintiff,<br> v.<br><br>FRANCISCAN HEALTH SYSTEM,<br><br>        Defendant. | CASE NO. 3:19-cv-5610 RJB-MAT<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

  This matter comes before the Court on Defendant Franciscan Health System's Motion for Summary Judgment. Dkt. 30. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein. Defendant's motion should be granted, in part.

## I. BACKGROUND AND PROCEDURAL HISTORY

**A. BACKGROUND**

  Plaintiff, Francesca Gardiniere, brings this action against her former employer, Franciscan Health Systems, alleging that Defendant discriminated, harassed, and retaliated against her on the basis of pregnancy and PTSD disability in violation of both federal and state law. Dkt. 1-1.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

1        Plaintiff makes four claims in her complaint. *Id.* at 8–14. First,

2 discrimination/harassment based on disability pursuant to RCW § 49.60.180 and Title VII of the

3 Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq. Id.* at 8. Second, harassment based on

4 disability in violation of the Americans with Disabilities Act ("ADA"). *Id.* at 9–11. Third,

5 harassment/discrimination based on pregnancy pursuant to the Workplace Pregnancy

6 Accommodations Law ("WPAL"), RCW 42.10.005. *Id.* at 10. Fourth, negligent supervision and

7 training. *Id.* at 11–13.

8    **B. PENDING MOTION**

9        In the pending motion, Defendant moves for summary judgment. Dkt. 30. Defendant

10 moves on seven grounds: (A) Title VII does not protect against disability discrimination; (B)

11 Plaintiff did not exhaust administrative remedies with respect to any PTSD-based claims; (C)

12 Plaintiff failed to participate in the interactive process; (D) Plaintiff's request to transfer shifts in

13 order to work for new supervisors was not a request for a reasonable accommodation under ADA

14 or WLAD; (E) Plaintiff admitted any harassment was not based on her alleged PTSD disability;

15 (F) There is no dispute of fact Plaintiff received all of the pregnancy accommodations she

16 requested; (G) Plaintiff's negligent supervision and training claim does not present actions

17 outside the scope of any Franciscan Employee's Employment. *Id.* Defendant argues it is,

18 therefore, entitled to summary judgment on all claims. *Id.*

19       Plaintiff responds that "claims [A, B, C, D, E, and G] may be considered withdrawn, or

20 conceded in this case." Dkt. 34 at 16. Defendant replied. Dkt. 35.

21       For the reasons discussed below, Plaintiff's claims Count I, II, and IV should be

22 considered withdrawn or conceded, and Plaintiff must show cause, if any there be, why Count III

23 should not be remanded to state court.

24

## II. DISCUSSION

**A. PLAINTIFF WITHDRAWS ALL CLAIMS BUT COUNT III**

Although Plaintiff's complaint in its entirety alleges discrimination related to both pregnancy and PTSD, Counts I and II appear to be based only on PTSD disability, Count III appears to be based only on pregnancy, and Count IV on negligent training and supervision. Plaintiff states in her response motion:

> To be clear, Ms. Gardiniere is not pursuing these claims as a denial of a refusal for a reasonable accommodation under either the ADA or the WLAD in this lawsuit. Neither is she claiming, under the ADA or the WLAD, that she was harassed **because of** her PTSD. Neither is Plaintiff pursuing a claim for negligent training and supervision as to the supervisors who harassed her. We believe that they absolutely were aware of what they should and should not have done and that they intentionally chose not harass the discriminate [sic] against the Plaintiff based on her sex/pregnancy. That renders Defendant's Summary Judgment arguments, sections A, B, C, D, E, and G moot. Those claims may be considered withdrawn, [sic] or conceded in this case.

Dkt. 34 at 16.

This response is somewhat confusing, but Plaintiff appears to withdraw or concede sections A, B, C, D, E, and G from Defendant's motion for summary judgment. The only remaining issue, therefore, is (F): whether there is a dispute of fact that Plaintiff received the pregnancy accommodations she requested. Plaintiff's conclusion makes this confusing because she asserts that "[s]he should be allowed to proceed under Title VII, the WLAD, and [WPAL,] RCW 43.10.005. Dkt. 34 at 25. Nonetheless, Plaintiff appears to have withdrawn or conceded her PTSD and negligence-related claims, which leaves only the question of whether she received adequate pregnancy accommodations. Plaintiff's only pregnancy-related claim in her complaint is Count III, which is pursuant to the WPAL, and her claims based on PTSD and negligence should be dismissed.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

Because Plaintiff's concedes all but Count III, Defendant's motion for summary judgment (Dkt. 30) should be granted as to Counts I, II, and IV.

### B. THE PARTIES MAY SHOW CAUSE WHY THE COURT SHOULD NOT DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997) (*internal citations omitted*).

Because Plaintiff withdrew her federal claims, there are no remaining claims over which this Court has original jurisdiction. The Parties should show cause, should any they have, why the Court should not decline to retain supplemental jurisdiction over Plaintiff's remaining state law claim, which is pursuant to the WPAL. If the Parties fail to make such a showing, then this matter should be remanded to state court.

### III. ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant, Franciscan Health System's Motion for Summary Judgment (Dkt. 30) **IS GRANTED** as to Counts I, II, and IV;

- The Parties may show cause in writing, should any they have, why this matter should not be remanded to state court by **JANUARY 8, 2021**.

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of December, 2020.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5